## COUNTY OF OXFORD.

### MURDOCK *versus* RIPLEY.

The force which an officer may apply, to enable him to serve a legal precept, must be no greater than is necessary for the accomplishment of that purpose.

In a suit against an officer for inflicting violence in the service of a precept, it is for the jury to decide, whether the degree of force used was unnecessary.

His own judgment, though honestly formed, and though he had no purpose to transcend his authority, is not conclusive as to the degree of force which was necessary; and for any excess he is responsible, in damages in a suit at law.

Though the resistance made by the plaintiff contributed to the injury which he received, that is no defence in such a suit, if in fact the officer used more violence than was necessary.

One aiding the officer, and acting in his presence, on such an occasion, is enti-
tled to the same protection as the officer.

ON EXCEPTIONS from *Nisi Prius*, HOWARD, J., presiding.
ASSAULT AND BATTERY.

An officer held a warrant for service against one Bridgham,
and employed the defendant to aid in serving it.

In attempting to arrest Bridgham, the officer was resisted by
this plaintiff. To repel that resistance, this defendant inflicted
the violence for which this suit is brought.

The plaintiff, admitting the right of the defendant, as an
aid to the officer, to repel and overcome the resistance made
by the plaintiff, contended that the force used by the defend-
ant was greater than the occasion justified. Evidence upon
that point was laid before the jury.

The Judge instructed them, that if the defendant used
more force and inflicted upon the plaintiff greater injury than
was necessary to overcome the resistance, he would be re-
sponsible in this suit. The Judge, at the defendant's request,
also instructed the jury that, if the plaintiff, by his continued
resistance, *contributed* to the injury which he received, while
the defendant, as aid, was in the lawful performance of his
duty, the plaintiff would not be entitled to recover for such·
injury. In answer to an inquiry from a juror, the Judge gave
the further instruction *that* the officer was bound to serve the
warrant, and to use as much force as was necessary to enable
him to execute it; *that* the burden of proof, as to the excess
of power used, was upon the plaintiff; *that* it was incumbent
on him to prove that the defendant had conducted unlaw-
fully; *that* the defendant, as aid to the officer, had a right to
use the same force as the officer would be authorized to
use under the circumstances; *that* officers were entitled to
liberal treatment; *that* their acts should be liberally con-
strued; *that* they had a right, if resisted, to perform their
duty with a strong hand; *that* Ripley, as aid to the officer,·
under the circumstances, had a right to judge what force was
necessary to repel the resistance; *that*, unless he acted *wantonly*
or was guilty of gross negligence in the use of force, he

would be justified; and *that*, if the acts complained of were performed in good faith, and were not in violation of law, he was not responsible, whatever may have been the consequences.

The verdict was for the defendant. The plaintiff excepted.

*Clifford*, for the plaintiff.

*Walton*, for the defendant.

The highest interests of every citizen require a prompt and efficient execution of the laws, especially in criminal process, and that resistance to officers should be speedily and effectively suppressed. To secure such a suppression, liberal encouragement and liberal dealing should be extended to all good citizens, and especially to officers of the law.

In their honest efforts in that behalf, the force they employ is not to be measured by close mathematical exactness. Except for the plaintiff's own illegal acts, he would have suffered no injury. In suppressing mobs, riots and in overcoming resistance to officers, all that can be required, is good faith and honest purpose. One thus acting, is to judge what measure of force is requisite. If not in violation of law, and if performed without wantonness, or evil intention, such acts will be protected. No responsibility attends them. The man who willfully throws himself as an obstruction before the wheels of justice, and gets run over and injured, must suffer the consequences.

Resistance to an officer is prohibited by statute. Can a party recover for an injury arising from a violation of the law? The maxim *in pari delicto* applies. Lewis' U. S. Crim. Law, 102, 103; R. S. c. 158, § 26; 10 Metc. 365.

WELLS J. — The defendant, acting as the aid of the officer in making the arrest of Bridgham, was justified in using such force as was necessary to overcome the resistance of the plaintiff. If he used more force than was necessary to accomplish that purpose, he became a trespasser. 1 Chit. Plead. 164. *Cockroft* v. *Smith*, 2 Salk. 641.

The plaintiff, by his resistance, may be considered as contributing to the injury, which, it is alleged, he received, but

that resistance could not justify unnecessary violence. The fault of the plaintiff in the first instance would afford no justification for the defendant in transcending the line of his duty.

It fell within the province of the jury to determine whether the defendant exercised a proper judgment in repelling the resistance of the plaintiff, and if his own judgment led him astray, he must be responsible for the consequences.

*Exceptions sustained, verdict set aside*
*and a new trial granted.*

SHEPLEY, C. J., and TENNEY and APPLETON, J. J., concurred.